G. David Rubin (SBN 181293)
rubin@litchfieldcavo.com
Lilya Dishchyan (SBN 309120)
dishchyan@litchfieldcavo.com
LITCHFIELD CAVO LLP
2 North Lake Avenue, Suite 400
Pasadena, CA  91101
Tel:  (626) 683-1100
Fax: (626) 683-1113

Attorneys for Defendants,
Norm Reeves, Inc. dba Norm Reeves Honda
Superstore. Conant Automotive Resources, LLC;
David Conant; and Sultan Ahmad

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| ASLAM SHAW,<br><br>                    Plaintiff,<br><br>          v.<br><br>NORM REEVES HONDA SUPERSTORE, CONANT AUTO RETAIL GROUP (CAR) AMERICAN HONDA MOTOR COMPANY, INC., KELLY BLUE BOOK., DAVID M. CONANT, SULTAN AHMAD, DOES 1-10, INCLUSIVE,ACT, INC., a corporation, and DOES 1-100.,<br><br>                    Defendant. | Case No. 8:18-cv-00786-JVS-DFM<br><br>**DEFENDANTS NORM REEVES, INC., CONANT AUTOMOTIVE RESOURCES, LLC, DAVID CONANT, AND SULTAN AHMAD'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT BASED THEREON**<br><br>**Date:**      April 4, 2022<br>**Time:**      1:30 p.m.<br>**Courtroom:** 10C<br>**Judge:** Honorable James V. Selna |

3792304v.1      DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 4, 2022 at 1:30 p.m. before the Honorable James V. Selna, in Courtroom 10C of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants Norm Reeves, Inc. dba Norm Reeves Honda Superstore. Conant Automotive Resources, LLC (erroneously sued as "Conant Auto Retail Group (CAR)"); David Conant; and Sultan Ahmad (collectively, "Defendants") will and hereby does move to confirm the arbitration award issued in Defendants' favor on February 1, 2022, and enter judgment in favor of Defendants.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of G. David Rubin and exhibits attached thereto, the pleadings, records, and files in this Action, and such other written or oral arguments as may be presented at or before the time this Motion is taken under submission by the Court.

This Motion is made following attempts by Defendants' counsel to engage Plaintiff, proceeding pro se, in a conference pursuant to Central District L.R. 7-3 on February 7, 2022 and February 14, 2022.  As of the filing of this Motion, Plaintiff and Defendants' counsel were unable to reach an agreement, necessitating the filing of the instant Motion.

DATED:  February 25. 2022                LITCHFIELD CAVO LLP


By  /s/ G. David Rubin
    _____
    G. David Rubin
    Lilya Dishchyan
    Attorneys for Defendants
    Norm Reeves, Inc. dba Norm Reeves
    Honda Superstore; Conant Automotive
    Resources, LLC; David Conant; and
    Sultan Ahmad

3792304v.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action relates to a dispute between Plaintiff ASLAM SHAW and Defendants, arising from Plaintiff's dissatisfaction with an automobile leasing transaction.  In its Order dated August 29, 2019, this Court granted Defendants' motion to compel arbitration, which was based on an arbitration provision in the lease agreement between the parties.  (Dkt. No. 52).

The arbitration proceeded by way of submission of written documents pursuant to the agreement of the parties. The parties made their written submission of documents to the arbitrator for the period of July 7, 2021 through January 12, 2022. On February 1, 2022, after reviewing all submissions by the parties, arbitrator Richard Mainland issued an arbitration award finding in favor of the Defendants and against the Plaintiff on all of Plaintiff's claims, including causes of action for fraud, breach of contract, infliction of emotional distress, negligence, and RICO violations. (See Award, attached as Exhibit to the Declaration of G. David Rubin as Exhibit "A".) Arbitrator Richard Mainland issued this award after considering the written submissions of the parties.  Now, Defendants request that the Court confirm the arbitration award, and enter judgment in favor of Defendants.

## II. ARGUMENT

Under 9 U.S.C. § 9, "the court must grant . . . an order [to confirm an arbitration award] unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the Federal Arbitration Act]." 9 U.S.C. § 9; *Hall Street Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 582 (2008); *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010) (confirmation is required unless the award is vacated or modified); *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009). The burden of establishing grounds for vacating an arbitration award is on the party seeking to vacate the award. *U.S. Life Ins. v. Super. Nat. Ins. Co.*, 591 F.3d 1167, 1173 (9th Cir. 2010); *Emp'rs Ins. of Wausau v. Nat. Union Fire Ins. Co. of Pittsburgh*, 933 F.2d

2

3792304v.1

1    1481, 1485 (9th Cir. 1991).

2         "[I]f the parties in their agreement have agreed that a judgment of the court shall

3    be entered upon the award made pursuant to the arbitration, and shall specify the court,

4    then at any time within one year after the award is made any party to the arbitration

5    may apply to the court so specified for an order confirming the award, and …the court

6    must grant such an order unless the award is vacated, modified, or corrected." 9 U.S.C.

7    § 9. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.,* 552 U.S. 576, 587 n.6, 128 S. Ct. 1396,

8    170 L. Ed. 2d 254 (2008) ("so long as the parties contemplated judicial enforcement,

9    the court must undertake such enforcement under the statutory criteria.")

10        Here, the parties' arbitration agreement provides that any future claim must be

11   resolved by way of binding arbitration, and that all such awards shall be final.  The

12   agreement provides for binding arbitration and states that the "arbitrator may order

13   relief permitted by law." (Dkt. No. 35-5).  The Arbitration Agreement also provided

14   that it was "governed and enforceable by the FAA" and that an "award shall include a

15   written opinion and be final, subject to appeal by the FAA." Id. Such an appeal implies

16   that the Court may enforce the award. 9 U.S.C. § 9. Furthermore, a provision that the

17   arbitrator's award shall be "final and binding" on the parties impliedly confers power

18   on a court to enter judgment thereon. *Milwaukee Typographical Union No. 23 v.*

19   *Newspapers, Inc.* 639 F2d 386, 389 (7th Cir. 1981).

20        Additionally, Defendants' motion is timely filed within the one-year

21   requirement under Section 9 because Defendants filed the motion shortly after the

22   arbitration award was issued.  Therefore, the requirements are met.

23        Once a court is satisfied that the petition to confirm an arbitration award is

24   timely and properly supported, the court's ultimate review of the petition is "both

25   limited and highly deferential." *Coutee v. Barington Capital Grp.,* L.P., 336 F.3d 1128,

26   1132 (9th Cir. 2003) (citing *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.,*

27   84 F.3d 1186, 1190 (9th Cir. 1996)). Confirmation of an arbitration award typically

28   "is a summary proceeding that merely makes what is already a final arbitration award

NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD

3792304v.1

a judgment of the court." *Romero v. Citibank USA, Nat'l Ass'n*, 551 F. Supp. 2d 1010, 1014 (E.D. Cal. 2008) (quoting *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 175-76 (2d Cir. 1984)). This limited and summary review aims to honor the parties' contractual choices and further the FAA's "national policy favoring arbitration and plac[ing] arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006); *see also Thompson v. Tega-Rand Int'l*, 740 F.2d 762, 763 (9th Cir. 1984) ("Where the parties have agreed to arbitration, the court will not review the merits of the dispute."). *Crafty Prods. v. Fuqing Sanxing Crafts Co. Ltd.* (S.D.Cal. Sep. 13, 2018, No. 15-cv-719-BAS-JLB) 2018 U.S.Dist.LEXIS 156494, at *3-5.

## III.  **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant this Motion to Confirm Arbitration Award and enter judgment thereon.

DATED:  February 25, 2022              LITCHFIELD CAVO LLP

By   /s/ G. David Rubin
     _____
     G. David Rubin
     Lilya Dishchyan
     Attorneys for Defendants
     Norm Reeves, Inc. dba Norm Reeves
     Honda Superstore; Conant Automotive
     Resources, LLC (erroneously sued as
     "Conant Auto Retail Group (CAR)");
     David Conant; and Sultan Ahmad

3792304v.1

**CERTIFICATE OF SERVICE**
*Aslam Shaw v. Norm Reeves Honda Superstore., et al*
*Case No.: 8:18-cv-00786-JVS-DFM*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Litchfield Cavo LLP, 2 North Lake Avenue, Suite 400, Pasadena, CA 91101.

On **February 25, 2022** I served the following documents described as:

**DEFENDANTS NORM REEVES, INC., CONANT AUTOMOTIVE RESOURCES, LLC, DAVID CONANT, AND SULTAN AHMAD'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD AND ENTER JUDGMENT BASED THEREON**
by serving a true copy of the above-described document in the following manner:

**BY ELECTRONIC FILING** I am familiar with the United States District Court, Sourthern District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CMIECF: user constitutes consent to electronic service through the court's transmission facilities. Under said practice, all parties to this case have been served electronically. ***Parties who do not have access to the court's efiling system will be served with court endorsed copies of the above referenced documents by U.S. Mail.***

Aslam Shaw
10442 Barbara Anne Street
Cypress, CA 90630
Email: eysun10@yahoo.com

I declare that I am employed in the office of a member of the Bar of California, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 25, 2022** at Pasadena, California.

By: /s/ Yvette Gutierrez
Yvette Gutierrez

3792304v.1