G. David Rubin (SBN 181293)
rubin@litchfieldcavo.com
Lilya Dishchyan (SBN 309120)
dishchyan@litchfieldcavo.com
LITCHFIELD CAVO LLP
2 North Lake Avenue, Suite 400
Pasadena, CA 91101
Tel: (626) 683-1100
Fax: (626) 683-1113

Attorneys for Defendants,
Norm Reeves, Inc. dba Norm Reeves Honda Superstore. Conant Automotive Resources, LLC; David Conant; and Sultan Ahmad

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ASLAM SHAW,<br><br>Plaintiff,<br><br>v.<br><br>NORM REEVES HONDA SUPERSTORE, CONANT AUTO RETAIL GROUP (CAR) AMERICAN HONDA MOTOR COMPANY, INC., KELLY BLUE BOOK., DAVID M. CONANT, SULTAN AHMAD, DOES 1-10, INCLUSIVE,ACT, INC., a corporation, and DOES 1-100.,<br><br>Defendant. | Case No. 8:18-cv-00786-JVS-DFM<br><br>**DECLARATION OF G. DAVID RUBIN IN SUPPORT OF DEFENDANTS NORM REEVES, INC., CONANT AUTOMOTIVE RESOURCES, LLC, DAVID CONANT, AND SULTAN AHMAD'S MOTION TO CONFIRM ARBITRATION AWARD**<br><br>**Date:** April 04, 2022<br>**Time:** 1:30 p.m.<br>**Courtroom:** 10C<br>**Judge:** Honorable James V. Selna |

DECLARATION OF G. DAVID RUBIN IN SUPPORT OF DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD

3792304v.1

# **DECLARATION OF G. DAVID RUBIN**

I, G. DAVID RUBIN, declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California, and am a partner of Litchfield Cavo, LLP, attorneys of record for Defendants Norm Reeves, Inc. dba Norm Reeves Honda Superstore. Conant Automotive Resources, LLC (erroneously sued as "Conant Auto Retail Group (CAR)"); David Conant; and Sultan Ahmad (collectively "Defendants") in the above-entitled matter.  The following is based on my personal knowledge, except for those facts which I am informed and believe to be true, and as to those matters I believe them to be true. If called as a witness, I could and would testify as follows.

2. I make this declaration in support of Defendants' Motion to Confirm Arbitration Award.

3. Attached as **Exhibit A** is a true and correct copy of Arbitrator Richard Mainland's arbitration award finding in favor of the Defendants and against the Plaintiff on all of Plaintiff's claims, dated February 1, 2022.

4. Arbitrator Richard Mainland issued this award after considering the following written submissions of the parties:

   a. Respondents' Arbitration Brief dated September 21, 2021;
   b. Claimant's Arbitration Reply Brief dated December 15, 2021;
   c. Claimant's Amended Arbitration Reply Brief dated December 20, 2021;
   d. Respondents' Objection to Claimant's Reply Brief dated December 21, 2021; and
   e. Claimant's Objection to Respondents' Objection dated January 12, 2022.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 25, 2022, in Pasadena, California.

                                       /s/ G. David Rubin
                                       G. David Rubin

# EXHIBIT A

AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In the Matter of Arbitration Between:<br><br>ASLAM SHAW,<br><br>　　　　　Claimant,<br><br>vs.<br><br>NORM REEVES dba NORM REEVES HONDA SUPERSTORE, CONANT AUTOMOTIVE RESOURCES, LLC dba CONTANT AUTO RETAIL GROUP, DAVID M. CONANT and SULTAN AHMAD<br><br>　　　　　Respondents | Case No.: 01-19-0003-2082 |

### FINAL ARBITRATION AWARD

I, Richard R. Mainland, the UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and having been duly sworn, and having duly heard and considered the proofs and allegations of the Claimant and Respondents, hereby make this FINAL ARBITRATION AWARD as follows:

1. Claimant Aslam Shaw asserts various claims against Respondents arising out of Claimant's lease of a 2015 Honda LX from Respondent Norm Reeves Honda Superstore, a retail automobile dealer, on or about May 6, 2015.

2. Claimant's claims were originally asserted in an action filed in the United States District Court for the Central District of California, on or about May 4, 2018, entitled *Aslam Shaw v. Norm Reeves Honda Superstore, et al*, Case No. SACV 18-786 JVS (DFMx) (the "Federal Action"). Defendant Norm Reeves Honda Superstore moved to compel arbitration of the matter, based on an arbitration provision in the lease agreement between the parties. In an order dated August 29, 2019, the District Court granted the motion and compelled arbitration. The parties agree that the District Court's order compelled arbitration of Claimant's claims against all defendants in the Federal Action, except for claims against defendant Kelly Blue Book, which was dismissed from the action on a motion to dismiss.

3. This arbitration has a somewhat complicated procedural history. The arbitration was initiated by Respondents (defendants in the Federal Action), then represented by the Arent Fox law firm. Respondents filed a form Consumer Demand for Arbitration with the AAA dated October 7, 2019. The demand did not assert any claims on behalf of Respondent. Rather, it

1

attached a copy of the Complaint in the Federal Action, in which Claimant (plaintiff in the federal action) alleged claims against Respondents. Although the Demand was filed by Respondents, the parties and the AAA have agreed that Claimant Shaw shall be deemed the Claimant in this arbitration and that the Complaint in the Federal Action alleges the claims that are submitted for decision in this arbitration. The claims alleged in the Complaint are for fraud, breach of contract, infliction of emotional distress, and RICO. No responsive pleading has been filed, and therefore Respondents are deemed to deny the allegations of the Complaint.

4. Following appointment of the undersigned arbitrator, a number of case management conferences were held among the arbitrator and the parties. Throughout the arbitration, Claimant Shaw has represented himself, without an attorney. At the initial conference on June 29, 2020, the firm of Litchfield Cavo LLP, through David Rubin, Esq., and Ani Megerdichian, Esq., appeared on behalf of all Respondents except for American Honda Motor Company, Inc., which did not appear. At that conference the parties expressed a preference for resolving the dispute by submission of documents, instead of an evidentiary hearing, subject to Respondents' counsel obtaining approval of that procedure from his clients. On the assumption that such approval would be given, I issued Case Management Order No. 1, providing for submission of documents by the parties in the latter part of 2020. At the June 29, 2020, conference the parties agreed the Consumer Arbitration Rules of the AAA apply in this arbitration.

5. A further case management conference was held on August 20, 2020, at which American Honda Motor Company, Inc. ("American Honda") appeared, through attorney Michael C. Douglass, Esq. At that conference, I granted the motion of American Honda for leave to file a motion to dismiss the demand as to American Honda, and established a briefing schedule for that motion. See Case Management Order No. 2, dated August 22, 2020. The previously established schedule for submitting evidentiary document on the merits was taken off calendar, pending a resolution of American Honda's Motion to Dismiss. After receiving the motion papers from American Honda and Claimant's opposition, I granted American Honda's motion in an Order Re Motion to Dismiss dated November 2, 2020. Accordingly, American Honda was dismissed from the arbitration.

6. A further case management conference was held on April 2, 2021. At that conference, as provided in Case Management Order No. 3 dated April 2, 2021, the parties confirmed their agreement that the arbitration would be decided on submissions of documents without a hearing. A schedule was established calling for submission of documents by the parties during the period from June 7, 2021 through August 20, 2021. The parties requested and were granted various extensions of time to make their written submissions. During the period from July 7, 2021, through January 12, 2022, Claimant and Respondents submitted extensive documents, including legal memoranda, witness statements, declarations, and evidentiary exhibits in support of their respective claims and defenses.[1] I declared the hearing closed as of January 12, 2022. I have read and considered all of the parties' written submissions made prior to the

---

[1] The parties' written submissions include Claimant's Arbitration Brief with 113 pages of accompanying exhibits, a letter from Matthew J. Miller (Claimant's treating psychologist), Respondents' Arbitration Brief and attached exhibits, the Declarations of Sultan Ahmad and Vince Marquez, Claimant's Reply Brief and attached exhibits, Respondents' Objection to Claimant's Reply Brief, and Claimant's Response to Respondents' Objection to Claimant's Reply Brief.

2

January 14, 2022, close of the hearing. After January 14, 2022, Respondents made a further submission, and Claimant submitted an email response. As the hearing had already been closed, I have not considered these submissions. The hearing will not be reopened.

7. Based upon my review and consideration of the evidence submitted, I find in favor of Respondents and against Claimant on Claimant's claims for fraud, breach of contract, inflicting of emotional distress (intentional and negligent), negligence and RICO violations. Accordingly, Claimant's claims are hereby dismissed.

The evidence offered by Claimant, while voluminous, is insufficient to show actionable fraud. The financial terms of Claimant's 2015 lease are disclosed in the lease itself. Thus, Claimant's contentions about a "negative equity" in the deal do not show fraud: that could be determined from the lease itself. The evidence also does not show a fraudulent misrepresentation of the Kelly Blue Book value of the trade-in vehicle. While Claimant may have thought the trade-in value given was too low (and he admits expressing that to salesman Ahmad at the time), that does not show fraud. Respondent's later offering of the vehicle to retail customers at a higher price is not evidence that the wholesale value used for trade-in purposes was intentionally understated. In sum, while Claimant may have concluded, that his long-time friend Ahmad did not explain the deal satisfactorily and pressured him into the deal, I do not find that there was fraudulent inducement of the purchase.

Similarly, the evidence is simply insufficient to show breaches of the lease by Respondents. And it is also insufficient to show the kind of extreme or outrageous conduct that supports a claim for infliction of emotional distress. Moreover, because Claimant has not proved fraud, the evidence is also insufficient to show a pattern of racketeering or other essential elements of a RICO claim. I have reviewed and considered the material provided by Clamant relating to Respondents' involvement in other legal and regulatory proceedings, but this evidence does not, in my opinion, demonstrate a pattern of racketeering activity by Respondents within the meaning of RICO.

8. The lease provides, in paragraph 50, the arbitrator "may award costs or fees to prevailing party, if permitted by law." I interpret this provision to give the arbitration discretion to award such fees, but does not make such an award mandatory. In the exercise of my discretion, I have determined that each party should bear its own attorneys' fees and costs in this arbitration.

9. The administrative fees of the AAA in the amount of **$1,900** and the arbitrator's compensation in the amount of **$2,500.00,** shall be borne as incurred by Respondents.

10. This Final Award is intended to determine all claims submitted to the arbitrator for decision. Any claims not mentioned specifically herein are denied.

Dated: February /, 2022

Richard R. Mainland, Arbitrator

3

**CERTIFICATE OF SERVICE**
*Aslam Shaw v. Norm Reeves Honda Superstore., et al*
*Case No.: 8:18-cv-00786-JVS-DFM*

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is Litchfield Cavo LLP, 2 North Lake Avenue, Suite 400, Pasadena, CA 91101.

On **February 25, 2022** I served the following documents described as:

**DECLARATION OF G. DAVID RUBIN IN SUPPORT OF DEFENDANTS NORM REEVES, INC., CONANT AUTOMOTIVE RESOURCES, LLC, DAVID CONANT, AND SULTAN AHMAD'S MOTION TO CONFIRM ARBITRATION AWARD** by serving a true copy of the above-described document in the following manner:

**BY ELECTRONIC FILING** I am familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CMIECF: user constitutes consent to electronic service through the court's transmission facilities. Under said practice, all parties to this case have been served electronically. *Parties who do not have access to the court's efiling system will be served with court endorsed copies of the above referenced documents by U.S. Mail.*

Aslam Shaw
10442 Barbara Anne Street
Cypress, CA 90630
Email: eysun10@yahoo.com

I declare that I am employed in the office of a member of the Bar of California, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **February 25, 2022** at Pasadena, California.

By: /s/ Yvette Gutierrez
Yvette Gutierrez